**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO ACOSTA-OLIVARRIA, | No. 10-70902 |
| Petitioner, | Agency No. A079-657-188 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Gilberto Acosta-Olivarria, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review de novo claims of constitutional violations and questions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

The BIA correctly concluded that Acosta-Olivarria is ineligible to adjust status because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) for having accrued more than one year of unlawful presence in the United States and then reentering without admission. *See Garfias-Rodriguez v. Holder*, No. 09-72603, 2012 WL 5077137, at *7 (9th Cir. Oct. 19, 2012) (en banc) (aliens who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) are not eligible for adjustment of status under 8 U.S.C. § 1255(i)).

Acosta-Olivarria's due process contentions therefore fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**